UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PHILLIP T. JOHNSON,

              Plaintiff,
v.                                              **DECISION AND ORDER**
                                                                                05-CV-859S

MALDONALDO, *Superintendent, Monroe County Jail,* DR. KHANI, *Dr. of Monroe County Jail*, KRISTEN CATALANO, RN, *Director of Nursing at Monroe County Jail*,

              Defendants.
_____

      1. In this action, brought principally pursuant to 42 U.S.C. § 1983, Plaintiff alleges that the defendants failed to provide him proper medical care and infringed his right of access to counsel in violation of the federal constitution and New York law. Presently before this Court is Defendant Robert Maldonaldo's Motion to Dismiss Plaintiff's Complaint as against him pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, Defendant Maldonaldo's motion is granted.[1]

      2. In adjudicating Defendant Maldonaldo's Motion to Dismiss, this Court assumes the truth of the following factual allegations contained in Plaintiff's Complaint. See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S.Ct. 1848, 1850, 48 L.Ed.2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997). Plaintiff was incarcerated in the Monroe County Jail as a

---

[1] Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally, and interpret them to raise the strongest arguments that they suggest. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). This is especially important when reviewing pro se Complaints alleging civil rights violations. See Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001). Since Plaintiff is proceeding pro se, this Court has considered his submissions and arguments accordingly.

pretrial detainee at all times relevant to the instant Complaint. (Complaint, ¶ 4.) Defendant Maldonaldo was "in charge of the supervision and discipline of all staff" at the Monroe County Jail. (Complaint, ¶ 5.) Defendants Dr. Khani and Nurse Catalano were in charge of Plaintiff's medical care at the Monroe County Jail. (Complaint, ¶¶ 6, 7.)

3. Plaintiff alleges that on February 18, 2004, at approximately 1:20 p.m., he was using the chin-up exercise bar at the Monroe County Jail when it detached from the wall, causing him to fall between eight and ten feet. (Complaint, ¶ 9.) The chin-up bar fell on top of Plaintiff, striking him in the neck and causing him "severe injuries." (Complaint, ¶ 9.)

4. Plaintiff's first claim is that the defendants failed to provide him with adequate medical care in violation of his right to be free from cruel and unusual punishment. (Complaint, ¶¶ 15, 16, 17, 18.) Plaintiff alleges that all three defendants failed to properly diagnose and treat his injuries, failed to provide him with proper medication, delayed his medical treatment, and in general, failed to provide him with adequate medical care. (Complaint, ¶¶ 10, 12.) Plaintiff further alleges that all three defendants failed to fulfill their duties of care by not accommodating his disabling medical condition, such as providing an egg crate mattress, additional mattresses, a foam wedge, a walker, or a wheelchair. (Complaint, ¶ 11.) He further contends that the defendants subjected him to cruel and unusual punishment by forcing him to walk with a walker instead of providing him with a wheelchair. (Complaint, ¶ 11.) Plaintiff also alleges that the defendants failed to provide adequate mental health treatment by not monitoring him every twenty-four hours while he was in solitary confinement. (Complaint, ¶ 13.)

5.　　Plaintiff's second claim is that the defendants infringed his right to meet with his attorney. (Complaint, ¶¶ 14, 19.) Plaintiff alleges that the defendants denied his attorney entrance to the Monroe County Jail, unnecessarily delayed his meeting with his attorney, and denied him access to a private setting for purposes of his meeting. (Complaint, ¶ 14.)

6.　　Plaintiff commenced this action on December 6, 2005, by filing a Complaint in the United States District Court for the Western District of New York. It appears that Defendants Dr. Khani and Nurse Catalano have not yet been served. Service was effectuated, however, on Defendant Maldonaldo, and he filed the instant Motion to Dismiss on August 17, 2006. Defendant Maldonaldo argues that Plaintiff's Complaint should be dismissed as against him because (1) he was not involved in the alleged constitutional deprivations, and (2) the state law claims are untimely. After full briefing,[2] this Court took the motion under advisement without oral argument.

7.　　Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a Complaint for "failure to state a claim upon which relief can be granted." A court may dismiss an action under this rule if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which will entitle him to relief." Cohen v. Koenig, 25 F.3d 1168, 1172 (2d Cir.1994) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Stated another way, "[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). On a Rule 12(b)(6) motion, "[t]he issue is not whether a plaintiff will or

---

[2] Plaintiff filed his opposition to Defendant Maldonaldo's motion as a "Motion to Dismiss Defendant's Motion Completely." (See Docket No. 13.)

might ultimately prevail on her claim, but whether she is entitled to offer evidence in support of the allegations in the complaint." Hamilton Chapter, 128 F.3d at 62 (citation omitted).

8.  As noted above, all well-pleaded factual allegations contained in the Complaint are assumed true and construed in the non-moving party's favor. See Still v. DeBuono, 101 F.3d 888, 891 (2d Cir. 1996). If it appears from the face of the Complaint that a cause of action has not been brought within the applicable statute of limitations period, the defense of limitations "may be raised in a pre-answer motion pursuant to Fed. R. Civ. P. 12(b)(6)." Santos v. Dist. Council of New York City, 619 F.2d 963, 967 n.4 (2d Cir. 1980); Ghartley v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989). "[T]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). Consequently, this Court has not only considered Plaintiff's Complaint, but also the attached series of exhibits numbering approximately 62 pages.

9.  This Court finds that Plaintiff's Complaint must be dismissed as to Defendant Maldonaldo. Civil liability is imposed under § 1983 only upon persons who, acting under color of state law, deprive an individual of rights, privileges, or immunities secured by the Constitution and laws. See 42 U.S.C. § 1983. On its own, § 1983 does not provide a source of substantive rights, but rather, a method for vindicating federal rights conferred elsewhere in the federal statutes and Constitution. See Graham v. Connor, 490 U.S. 386, 393-94,109 S.Ct. 1865, 1870, 104 L.Ed.2d 443 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 145 n.3, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)).

10. To properly plead a cause of action under § 1983, a plaintiff's Complaint must include allegations that the challenged conduct "(1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d Cir. 1997); Hubbard v. J.C. Penney Dep't Store, 05-CV-6042, 2005 WL 1490304, at *1 (W.D.N.Y. June 14, 2005).

11. Personal involvement in the deprivation of federal constitutional rights is the *sine qua non* of liability under § 1983. See Haygood v. City of New York, 64 F.Supp.2d 275, 280 (S.D.N.Y. 1999). Moreover, it is well settled in this Circuit that personal involvement is a prerequisite to an award of damages under § 1983. See McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977); Richardson v. Coughlin, 101 F.Supp.2d 127, 129 (W.D.N.Y. 2000); Pritchett v. Artuz, No. 99 Civ. 3957 (SAS), 2000 WL 4157, at *5 (S.D.N.Y. Jan. 3, 2000). The Second Circuit construes personal involvement in this context to mean "direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates." Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996); see also Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

12. Plaintiff's Complaint and the attachments thereto are devoid of any allegations that Defendant Maldonaldo was directly personally involved in either the alleged denial of proper medical care or the alleged denial of access to counsel. Plaintiff identifies Defendants Dr. Khani and Nurse Catalano as directly involved in the alleged denial of adequate medical care. (Complaint, ¶¶ 6, 7.) Moreover, reading Plaintiff's Complaint and the attached submissions thereto as a whole, it is clear that unnamed deputies were the individuals directly involved in the alleged denial of Plaintiff's ability to meet with his lawyer.

(Complaint, ¶ 14; Exhibit A, p. 5.)

13.     Plaintiff's allegations against Defendant Maldonaldo are made under a *respondeat superior* theory. (Complaint, ¶ 5.) That is, Plaintiff alleges that Defendant Maldonaldo is responsible for the alleged denial of his rights because he is the Superintendent of the Monroe County Jail, with ultimate supervisory authority.

14.     A plaintiff asserting a § 1983 claim against a supervisory official in his or her individual capacity must demonstrate that the supervisor was nonetheless personally involved in the alleged deprivation of rights. In the absence of *direct* personal involvement, a supervisory official may be shown to be personally involved through evidence that he or she: (1) after being informed of the violation through a report or appeal, failed to remedy the wrong; (2) created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue; (3) was grossly negligent in supervising subordinates who committed the wrongful acts; or (4) exhibited deliberate indifference to others' rights by failing to act on information indicating that unconstitutional acts were occurring. Saxon v. Attica Med. Dep't, No. 05-CV-6336, 2007 WL 30012, at *1 (W.D.N.Y. Jan. 5, 2007) (citing Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) and Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986)). The simple fact that an individual maintains a high position in the chain of command, however, is not enough to demonstrate personal liability. See Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003); Colon, 58 F.3d at 874.

15.     Plaintiff's allegations against Defendant Maldonaldo are entirely conclusory. Essentially, Plaintiff alleges that "Defendant, Superintendent Maldonaldo, of the MCJ was at all times stated within this complaint in charge of the supervision and discipline of all staff at MCJ" (Complaint, ¶ 5), and that in this position, he failed to ensure Plaintiff's rights (Complaint, ¶¶ 15-19). Based on these allegations, Defendant Maldonaldo cannot be held liable under § 1983 based on a *respondeat superior* theory. Plaintiff has not alleged any facts that would give rise to supervisory liability based on the standard set forth above. Accordingly, Defendant Maldonaldo's motion will be granted.

16.     In his Complaint, Plaintiff also asserts claims under New York tort law based on the medical treatment or lack thereof that he received while in the Monroe County Jail. In the absence of any colorable federal claims, courts generally decline to exercise jurisdiction over pendent state law claims. See Klein & Co. Futures, Inc. v. Bd. of Trade of City of N.Y., 464 F.3d 255, 262 (2d Cir. 2006) ("It is well settled that where . . . the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state law claims."). Accordingly, since there is no basis for liability against Defendant Maldonaldo under § 1983, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.[3]

---

[3] In any event, this Court notes without deciding, that it appears that Plaintiff's state law claims are barred by the applicable statute of limitations. (See Defendant's Memorandum of Law, pp. 3-5.)

17.	For the reasons set forth above, this Court finds that Plaintiff's Complaint must be dismissed as against Defendant Maldonaldo.  Defendant Maldonaldo's motion seeking such relief will therefore be granted.

IT HEREBY IS ORDERED, that Defendant Maldonaldo's Motion to Dismiss (Docket No. 11) is GRANTED.

FURTHER, that Plaintiff's Motion to Dismiss Defendant's Motion (Docket No. 13) is DENIED.

SO ORDERED.

Dated:	February 16, 2007
	Buffalo, New York

	/s/William M. Skretny
	WILLIAM M. SKRETNY
	United States District Judge