UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Philip T. Johnson

                            Plaintiff,                  **Hon. Hugh B. Scott**

                                            05CV859S

                            v.                            **Order**

Maldonaldo, Superintendent, et al.

                          Defendants

_____

      Before the Court are the following motions: the plaintiff's motion to strike interrogatories (Docket No. 39); a motion for an extension of time to answer the complaint by defendant Catalano (Docket No. 45) and plaintiff's motion to deny the extension as to defendant Catalano (Docket No. 47).

**Motion for an Extension of Time**

      The docket reflects that defendant Kristen Catalano was served with a summons and complaint in this matter on July 24, 2007. The executed summons was filed on October 3, 2007 (Docket No. 30). Catalano filed an answer to the complaint on October 31, 2008 (Docket No. 35). On that same date, Catalano filed a set of interrogatories propounded to the plaintiff (Docket No. 36).

      On November 29, 2007, the plaintiff filed a motion to strike Catalano's interrogatories on

the grounds that the plaintiff had already submitted information relating to the other defendants who are represented by the same attorney representing Catalano in this matter (Docket No. 39). The plaintiff did *not* seek to strike Catalano's answer as untimely. On January 15, 2008, a motion was filed on behalf of defendant Catalano seeking an extension of time to file an answer to the complaint (Docket No. 45).  Catalano's answer was due to be filed on August 13, 2007.  The motion seeks to have the Court deem Catalano's October 31, 2007 answer to be timely filed.   In support of the motion, Catalano asserts that at the time service was made upon her in this matter she was no longer employed by Correctional Medical Services, Inc. ("CMS") and that she had not resided at the last known address CMS had for her in three years.  (Docket No. 45-2 at ¶ 3-7).   The plaintiff opposes the grant of any extension of time. (Docket No. 47-48).

There is a strong preference that disputes be determined on the merits. Shah v. New York State Department of Civil Service, 168 F.3d 610, 613 (2d Cir. 1999); American Alliance Insurance Co.. Ltd. v. Eagle Insurance Co., 92 F.3d 57, 61 (2d Cir. 1996) ("Strong public policy favors resolving disputes on the merits"); Cody v. Mello, *59* F.3d 13, 15 (2d Cir. 1995) (default "is a harsh remedy to be utilized only in extreme situations"); Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). *See also* Springs v. Clement, 202 F.R.D. 387 (E.D.N.Y. 2001), reviewing cases.  Rule 55(c) of the Federal Rules of Civil Procedure provides that "for good cause shown the court may set aside an entry of default" and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." "The Second Circuit has held that "good cause" depends upon such factors as the willfulness of the default, the prejudice the adversary would incur were the default set aside, and the merits of the defense proffered." State Bank of India v. Chalasani, 92 F.3d 1300, 1307 (2d Cir. 1996), *citing* Men's Sportswear, Inc. v.

Sasson Jeans. Inc., 834 F.2d 1134, 1138 (2d Cir. 1987).  The Second Circuit has made it clear that neglect is not willfulness. American Alliance Insurance Co.. Ltd. v. Eagle Insurance Co., 92 F.3d at 61 ("We see no reason to expand this Court's willfulness standard to include careless or negligent errors in the default judgment context").

In the instant case, the record does not support a finding that the defendant's conduct in this case was willful or in bad faith.  Further, the record fails to demonstrate any prejudice due to the late filing.  Such a delay did not preclude the plaintiffs from any form of relief requested. "[D]elay alone is not a sufficient basis for establishing prejudice. Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983); Kee v. Hasty, 2004 WL 807071, *4 (S.D.N.Y.,2004); Springs v. Clement, 202 F.R.D. at 394 ("[d]elay alone is insufficient to establish prejudice", *citing* Enron Oil Corp. v. Diakuhara, 10 F.3d at 98). See also Campbell v. Shenendehowa Cent. Sch. Dist., 1993 WL 133726, at *2 (N.D.N.Y.  1993) (noting, in denying default motion where defendants had answered complaint belatedly, that courts disfavor defaults) (citing Meehan v. Snow, 652 F.2d 274, 277 (2d Cir.1981)). The preference is for courts to "reach judgments on the merits and not by way of default judgments." Shah v. N.Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir.1999) (citations omitted).

Based on the above, the defendant's motion for an extension of time is granted and the answer filed on October 31, 2007 is deemed timely filed.

**Motion to Strike Interrogatories**

The plaintiff seeks to strike defendant Catalano's interrogatories on the grounds that he already responded to interrogatories propounded by defendant Khani. (Docket No. 39 page 1). Defendants assert that Catalano is entitled to serve discovery demands upon the plaintiff and that the plaintiff has failed to adequately respond to Khani's discovery requests. (Docket No. 41 at page 4).

Each defendant in entitled to serve discovery demands upon the plaintiff.  The motion to strike Catalano's interrogatories is denied.  The plaintiff is directed to respond to the interrogatories propounded by defendant Catalano within 45 days of the date of this order.   The remaining dates relating to pretrial discovery set forth in the Court's December 19, 2007 Scheduling Order continue in effect.

So Ordered.

/s/ *Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
February 26, 2008