UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Philip T. Johnson,

                                        Plaintiff,

                                                                    **Hon. Hugh B. Scott**

                                                                    05CV859S

                                v.
                                                                    **Report
                                                                    &
                                                                    Recommendation**

Maldonaldo, Superintendent, et al.
                                        Defendants

_____

Before the Court are the following motions: the defendant's motion to dismiss (Docket

No. 52, 53) and defendants' motion for summary judgment (Docket No. 60).


**BACKGROUND**

Plaintiff alleges that on February 18, 2004,  he was using the chin-up exercise bar at the

Monroe County Jail ("MCJ") when it detached from the wall, causing him to fall between eight

and ten feet. (Complaint, ¶ 9). The chin-up bar fell on top of Plaintiff, striking him in the neck

and causing him "severe injuries." (Complaint, ¶ 9).   The Complaint names Dr. Debra Khani and

Nurse Kristen Catalano as defendants.[1]  Johnson asserts that the defendants failed to provide him

with adequate medical care in violation of his right to be free from cruel and unusual

_____

[1]   The Complaint also named Robert Maldonaldo. Superintendent of the Monroe County
Jail, as a defendant in this case.  The claims asserted against Maldonaldo were previously
dismissed based upon the failure of the plaintiff to assert any personal involvement on the part of
Maldonaldo. (Docket No. 19).

punishment. (Complaint, ¶¶ 15, 16, 17, 18).  The plaintiff alleges that the defendants failed to

properly diagnose and treat his injuries, failed to provide him with proper medication, delayed his

medical treatment, and in general, failed to provide him with adequate medical care.

(Complaint, ¶¶ 10, 12). Johnson further alleges that the defendants failed to fulfill their

duties of care by not accommodating his disabling medical condition, such as providing an

egg crate mattress, additional mattresses, a foam wedge, a walker, or a wheelchair.

(Complaint, ¶ 11). He contends that the defendants subjected him to cruel and

unusual punishment by forcing him to walk with a walker instead of providing him with a

wheelchair. (Complaint, ¶ 11). The plaintiff also alleges that the defendants failed to provide

adequate mental health treatment by not monitoring him every twenty-four hours while he

was in solitary confinement. (Complaint, ¶ 13).


**Motion for Summary Judgment**

       **Standard of Review**

       Summary judgment is appropriate where there are no issues of material fact in dispute,

and the moving party is entitled to judgment as a matter of law.  See Trans Sport, Inc. v. Starter

Sportswear, Inc., 964 F. 2d 186, 188 (2nd Cir. 1992) citing Bryant  v. Maffucci, 923 F.2d 979,

982 (2d Cir. 1991).  The non-moving party must, "demonstrate to the court the existence of a

genuine issue of material fact." Lendino v. Trans Union Credit Information, Co., 970 F.2d 1110,

1112 (2nd Cir. 1992), citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  A fact is

material:

            when its resolution would "affect the outcome of the suit under the

governing law" and a dispute about a material fact is genuine "if
the evidence is such that a reasonable jury could return a verdict
for the non-moving party."

General Electric Company v.  New York State Department of Labor, 936 F.2d 1448, 1452 (2nd

Cir. 1991), quoting Anderson v.  Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "The non-

moving party must come forward with enough evidence to support a jury verdict ... and the ...

motion will not be defeated merely ... on the basis of conjecture or surmise."  Trans Sport, supra,

964 F.2d at 188. Summary judgment is appropriate "[w]here the record taken as a whole could

not lead a rational trier of fact to find for the non-moving party." Nippon Fire & Marine Ins. Co.,

Ltd. v. Skyway Freight Systems, Inc., 235 F.3d 53 (2nd Cir. 2000) quoting Matsushita Elec.

Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).


**Eighth Amendment Claims**

The Eighth Amendment outlaws "cruel and unusual punishments." U.S. Const. amend.

VIII. "This includes punishments that 'involve the unnecessary and wanton infliction of pain.' "

Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir.1998) (quoting Gregg v. Georgia, 428 U.S. 153,

173 (1976)). See also Hernandez v. Keane, 341 F.3d 137, 144 (2d. Cir. 2003).  While "society

does not expect that prisoners will have unqualified access to health care," Hudson v. McMillian,

503 U.S. 1, 9 (1992), an inmate can nevertheless prevail on an Eighth Amendment claim arising

out of medical care by showing that a prison official acted with "deliberate indifference" to the

inmate's serious medical needs. Hathaway v. Coughlin, ("Hathaway I"), 37 F.3d 63, 66 (2d

Cir.1994) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

This standard incorporates both objective and subjective elements. The objective

3

"medical need" element measures the severity of the alleged deprivation, while the subjective

"deliberate indifference" element ensures that the defendant prison official acted with a

sufficiently culpable state of mind.  Smith v. Carpenter, 316 F.3d 178, 183 -184 (2d. Cir. 2003).

To prevail on a constitutional claim of deliberate medical indifference, a plaintiff must prove that

he suffered from an objectively serious medical condition, which the defendants knew of and

deliberately disregarded. Green v. Senkowski, 2004 WL 1292786, *1 (2nd Cir.  2004) citing

Chance, 143 F.3d at 702 (collecting cases). A serious medical condition is one that may result in

death, degeneration, or "chronic and substantial pain." Id.; see Hathaway I, 37 F.3d at 66.  This

standard contemplates a "condition of urgency, one that may produce death, degeneration, or

extreme pain." Nance v. Kelly, 912 F.2d 605, 607 (2d Cir.1990) (Pratt, J., dissenting)). A serious

medical need arises where "the failure to treat a prisoner's condition could result in further

significant injury or the unnecessary and wanton infliction of pain." Chance, 143 F.3d at 702.  To

satisfy the subjective prong of the test, prison officials must have acted with a sufficiently

culpable state of mind, i.e., deliberate indifference. Plaintiff must therefore show that prison

officials intentionally denied, delayed access to, or intentionally interfered with prescribed

treatment. See Estelle, 429 U.S. at 104-05. See also Farmer v. Brennan, 511 U.S. 825, 837

(1994)("[A] prison official cannot be found liable under the Eighth Amendment for denying an

inmate humane conditions of confinement unless the official knows of and disregards an

excessive risk to inmate health or safety; the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

inference."). "[T]he subjective element of deliberate indifference 'entails something more than

mere negligence ... [but] something less than acts or omissions for the very purpose of causing

harm or with knowledge that harm will result." ' Hathaway II, 99 F.3d at 553 (quoting Farmer,

511 U.S. at 835). Accordingly, subjective recklessness can satisfy the deliberate indifference

standard where "the official has actual knowledge that the prisoner faced a substantial risk of

serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer,

511 U.S. at 847. However, "[m]edical malpractice does not become a constitutional violation

merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Finally, it is well settled that a

plaintiff asserting an Eighth Amendment claim based upon inadequate medical care must

establish deliberate indifference for each individual defendant against whom the claim is

asserted. Brock v. Wright, 315 F.3d 158, 164 (2d Cir.2003)(stating that plaintiff must show

deliberate indifference on the part of a "particular defendant").

In the instant case, the defendants assert that the plaintiff cannot meet his burden under

either the objective or subjective tests.  The defendants assert that the plaintiff did not suffer from

a serious injury resulting from the alleged fall on February 18, 2004.  Medical records reflect that

the plaintiff was seen by Dr. Khani on the same date as the incident. (Docket No. 60, Exhibit D,

page 26).  Progress notes of that date reflect that Johnson "walked to sick call waiting area and

then laid on the ground." (Docket No. 60, Exhibit D at page 27).  The plaintiff refused to sit up

for the examination and remained on his right side in a fetal position.  (Docket No. 60, Exhibit D

at page 26). At that time, Johnson allegedly complained of "left leg numbness, right leg 'feels

like its swelling,' right arm and neck tingling, left arm numb."  (Docket No. 60, Exhibit D at

page 26). No swelling was noted in his right leg. (Docket No. 60, Exhibit D at page 26).    An x-

ray taken on February 19, 2004 revealed no injury to his left clavicle (Docket No. 60, Exhibit D

at page 1). An x-ray taken on April 16, 2004, revealed no injury to Johnson's cervical spine.

(Docket No. 60, Exhibit D at page 2).  Medical records reflect that Johnson initially refused to

submit to an MRI due to claustrophobia (Docket No. 60, Exhibit F at page 12-13), but that an

MRI was performed on April 20, 2004 which revealed a "slight posterior bulging of C5-6 with

no canal compromise." (Docket No. 63, Exhibit A, page 1).  The record before the Court does

not discuss whether the bulging was caused by the February 18, 2004 or whether the minimal

bulging discovered in the MRI could cause the amount of pain alleged in the plaintiff's

subjective complaints.  Without more, the Court cannot conclude, as a matter of law, whether or

not the alleged injury sustained by Johnson constitutes a "serious injury" as required for

imposition of liability under the Eighth Amendment.

In any event, the defendants assert that even if it could be held that the plaintiff did suffer

from a serious injury, that there is no evidence to support a conclusion that the defendants were

deliberately indifferent to the plaintiff's medical needs.  The Medical records in this case reflect

that Dr. Khani saw Johnson on the date of the incident, February 18, 2004, and at least 10 other

occasions relating to this injury: February 10, 2004, February 23, 2004, March 2, 2004, March 11

2004, March 15, 2004, March 23, 2004, April 6, 2004, April 19, 2004, April 23, 2004, April 28,

2004, and April 29, 2004. (Docket No. 60, Exhibit D). During this time period, the medical

records reflect that Johnson was also seen by other members of the MCJ medical staff. [2]  On the

---

[2]   Indeed, the medical records reflect that Johnson was seen by either Dr. Khani or
another member of the medical staff at the MCJ relating to this alleged injury on at least the
following dates: February, 18, 2004, February 19, 2004, February 20, 2004, February 23, 2004,
February 24, 2004, February 27, 2004, March 2, 2004, March 5, 2004, March 6, 2004, March 7,
2004, March 10, 2004, March 11, 2004, March 15, 2004, March 19, 2004, March 23, 2004,
March 24, 2004, March 30, 2004, April 2, 2004, April 5, 2004, April 6, 2004, April 12, 2004,
April 3, 2004, April 16, 2004, April 19, 2004,  April 23, 2004, April 28, 2004, and April 29,
2004. (Docket No. 60, Exhibit D).

date of the incident, February 18, 2004, Dr. Khani examined the plaintiff, noted no swelling or

bruising to the plaintiff's left shoulder and that his paraspinal muscles were supple. Johnson was

given Motrin and placed on medical observation. (Docket No. 60-11 at ¶ 4).  An x-ray taken on

February 19, 2004, revealed no broken bone in the plaintiff's clavicle.  Dr. Khani determined that

the plaintiff may be suffering from a trapezius/rhomboid strain and prescribed Motrin, and

Robaxin, a muscle relaxer. (Docket No. 60-11 at ¶ 5). Dr. Khan continued to see Johnson on

multiple occasions over the next 45 days.  Various pain and muscle relaxers were prescribed to

provide Johnson relief from his complaints of pain  (See Medication Administration Records,

(Docket No. 60, Exhibit D, pages 5-12).  Dr. Khani provided Johnson with a neck collar, a

walker and a wheelchair at various times during the treatment period at issue.  (Docket No. 60,

Exhibit G at page 3).  She also arranged for the plaintiff to be seen by specialists at Strong

Memorial Hospital(Docket No. 60, Exhibit F at pages 5-7, 10-11, 12-15, 16-17, 18). A CT scan

was performed on March 10, 2004, but was negative for any injury or abnormality. (Docket No.

60-11 at ¶¶ 8).  A neurologist, Dr. Craig Herman, who examined Johnson at Strong Memorial,

stated that the plaintiff's injuries "appear to be musculoskeletal" and that he has multiple findings

on exam which are "not clearly neurologic." (Docket No. 60, Exhibit F at pages 16-17).  Dr.

Herman recommended an MRI of the cervical spine and that Johnson be treated on a

"conservative basis." Id. The record reflects that it took several attempts to conduct the MRI due

to the plaintiff's refusal or inability to have the test performed due to claustrophobia. (Docket No.

60-11 at ¶¶ 8, 10, 11, 12; Docket No. 60-2, Exhibit D, pages 38, 39, 40, 42, 48; Docket No. 60-2,

Exhibit F, pages 5, 12, 15). As noted above, the MRI was eventually performed on April 20,

2004.  On April 29, 2004, Dr. Herman advised Dr. Khani that from a neurological perspective no

significant physical findings were reflected in the MRI and CT results and that an orthopedic follow-up would be appropriate. (Docket No. 60-11 at ¶ 17).  The plaintiff was released from the MCJ shortly thereafter, reports were sent to a Dr. Dobson, a private physician, who was to treat Johnson after his release. (Docket No. 60-11 at ¶¶ 14,16,18).

The plaintiff argues that Dr. Khani failed to properly diagnose his injury. The other issues raised by the plaintiff reflect his belief that  Dr. Khani did not act quickly enough in providing him items such as a walker, a wheelchair, or an egg crate mattress. At best, the plaintiff has asserted claims which sound in negligence.  The plaintiff has not articulated facts from which a reasonable trier of fact could conclude that Dr. Khani was deliberately indifferent to a serious medical need he experienced.  Instead, the undisputed documentary evidence in the record demonstrates that Dr. Khani examined the plaintiff, took steps to treat the symptoms he complained of, ordered appropriate diagnostic testing, and referred the plaintiff for consultations with specialists.  The fact that he did not get an egg crate mattress as quickly as he would have liked or was told to use a walker instead of a wheelchair, without more, does not constitute deliberate indifference to a serious medical need.  With respect to Catalano, the Court notes that although the complaint asserts that she is "the Director of Nursing at MCJ," and was "responsible for supervising and directing that plaintiff receive adequate medical care" (Docket No. 1 at ¶ 7), the plaintiff fails to articulate a specific instance in which he was seen by Catalano, or that he made a direct request of Catalano that was not heeded.  Indeed, the plaintiff does not even refer to Catalano in this response to the instant motion. (Docket No. 63).  In any event, the plaintiff has failed to articulate a sufficient basis, as a matter of law, from which a reasonable trier of fact could conclude that either Dr. Khani or Catalano "ha[d] actual knowledge that the prisoner faced

a substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measures to abate it." <u>Farmer</u>, 511 U.S. at 847.

It is recommended that the motion for summary judgment be granted dismissing the complaint in its entirety as against Dr. Khani and Catalano.

**Motion to Dismiss Under Rule 37 and/or Rule 12**

The defendants also moved to dismiss the complaint as a sanction for the plaintiff's alleged failure to comply with discovery requests in this matter. In the alternative, the defendants assert that the complaint should be dismissed because the plaintiff failed to state a claim under Rule 12.  The Court notes that pleadings submitted by *pro se* litigants are to be liberally construed.  In any event, in light of the Court's recommendation relating to the motion for summary judgment on the merits, the Court need not address these motions further.

**Conclusion**

It is recommended that the motion for summary judgment on behlaf of Dr. Khani and Catalano be granted and that the complaint be dismissed in its entirety.

Pursuant to 28 U.S.C.  §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of**

Civil Procedure, as well as W.D.N.Y.  Local Rule 72(a)(3).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y.  Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3)may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott
United States Magistrate Judge
Western District of New York

Buffalo, New York
January 14, 2009